**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**VIRGIL PARKER, JR.**                                              **PLAINTIFF**

**v.**

                                   **CIVIL ACTION NO.:** 3:24-cv-316-DMB-JMV

**SOLV ENERGY, LLC**                                          **DEFENDANT**

**COMPLAINT
<u>JURY TRIAL DEMANDED</u>**

**COMES NOW** Plaintiff, Virgil Parker, Jr., by and through counsel, Watson & Norris, PLLC, brings this action to recover damages for violations of his rights pursuant to Title VII of the Civil Rights Act of 1964 for race discrimination, 42 U.S.C. § 1981 for race discrimination, and the Age Discrimination in Employment Act (ADEA), for age discrimination against the Defendant, SOLV Energy, LLC.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**<u>THE PARTIES</u>**

1. Plaintiff, Virgil Parker, Jr., is a 65-year-old Caucasian male resident of Ouachita Parish, Louisiana.

2. Defendant, SOLV Energy, LLC, is a Delaware corporation licensed to do business in the state of Mississippi that may be served with process by serving its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

**<u>JURISDICTION AND VENUE</u>**

3. This Court has federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1984, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act (ADEA).

4.      This Court has subject matter jurisdiction and venue is proper in this Court.

5.      Plaintiff timely filed her Charge of Discrimination with the EEOC on July 28, 2023, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Notice of Right to Sue on September 5, 2024, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue.

### STATEMENT OF FACTS

6.      Plaintiff is a 65-year-old white male resident of Ouachita Parish, Louisiana.

7.      During or around September 2020, Plaintiff was hired as a Site Safety Manager at SOLV Energy, LLC (SE).

8.      Plaintiff worked at a facility in Walls, Mississippi.

9.      SE is an employer under Title VII.

10.     SE is an employer under the ADEA.

11.     Plaintiff was one of the top safety managers working at SE and was awarded and recognized for his achievements by Vice President of Safety Michael Darling and Senior Safety Manager Feats Tyrell.

12.     During his employment at SE, Plaintiff only received one disciplinary action, and he never received any write-ups.

13.     Between April 2020 and May 2023, while working for SE, Plaintiff was frequently a victim of Senior Site Safety Manager Jim Griffin's (white male) vulgarity.

14.     On November 22, 2022, Senior Superintendent Dave Dzeima texted Plaintiff and wrote, "How are you doing old man…"

15.     On January 26, 2023, Mr. Griffin texted Plaintiff that and wrote, "shake your old ass!"

16. On January 31, 2023, Plaintiff told Mr. Griffin that he was at a doctor's appointment.

17. In response, Mr. Griffin texted, "I told ya the viagra won't help you."

18. On May 5, 2023, Plaintiff was terminated by Mr. Griffin, allegedly because he (Plaintiff) falsified a time document.

19. Plaintiff denies this allegation.

20. Mr. Griffin alleged that Plaintiff was playing in a World Series of Poker (WSOP) tournament while on the clock, but Plaintiff adamantly denies he played poker while on the clock.

21. On May 19, 2023, Plaintiff contacted Chief People Person Brandi Pearson and complained of race and age discrimination.

22. After Plaintiff was terminated, he learned that his position was replaced by a substantially younger and a less qualified employee, Andree Castillo, a 25-year-old Hispanic male.

23. Mr. Castillo was then later assigned to a different position.

24. Then on June 15, 2023, Plaintiff's position was again replaced by a substantially younger and less qualified employee, Dexter Ford, a black male in his late 30s or early 40s.

25. Additionally, after Plaintiff was terminated from SE, his former coworker, Anthony Thomas (black male in his 40s), was promoted to the position of Senior Site Safety Manager at SE.

26. On July 28, 2023, Plaintiff filed an EEOC Charge of race and age discrimination against SE.

27. On August 16, 2023, SE submitted a brief statement to the EEOC in

response to Plaintiff's Charge.

28. In SE's Statement, People Operations Manager Sandra Ficco alleges that, "Plaintiff was hired…as a Laborer…he performed general laborer duties overseeing a small team executing blueprints, and procuring solar equipment and was compensated with an hourly wage of $30."

29. Plaintiff contends this allegation is false. Plaintiff was hired as a Site Safety Manager.

30. He concedes that he was paid $30 per hour, but he denies that he performed "general laborer duties".

31. Plaintiff contends his job duties were to conduct safety meetings for Aerotek (subcontractor) and SE personnel, manage required documentation pertaining to equipment safety, incident reports, safety trainings, routine evaluations and reports pertaining to site safety, etc.

32. In SE's Statement, Ms. Ficco further alleges that, "Plaintiff submitted time for May 4, 2023, but was not performing job duties on this day. His direct supervisor tried reaching him by phone, but he did not respond. He was not seen by anyone at the job site on May 4, 2023, nor did he contact his supervisors with an explanation of his absence or missed phone calls. The supervisor on site was made aware that Plaintiff was not on site due to an alleged poker tournament the day of May 4, 2023. Plaintiff was in violation of company timekeeping policy by entering time for himself when he was not working. Plaintiff's employment was terminated on May 5, 2023, as it was confirmed he was not at work and falsified time documents."

33. Plaintiff contends this allegation is false and that he was present at the SE facility in Walls on May 4, 2023.

34.     On that day, Plaintiff was checking on Security and he sent sign in sheets for both the morning and the evening of that day.

35.     Moreover, Plaintiff contends that his phone records show that he had no incoming calls from Aerotek or SE personnel on that day.

36.     On September 19, 2023, SE submitted a second statement to the EEOC in response to Plaintiff's Charge.

37.     In this second statement, Ms. Ficco alleges, "SOLV Energy's position continues to be that Plaintiff was terminated due to a violation of company policy related to his absence on April 30, 2023. As previously stated, despite Plaintiff reporting that he worked twelve and a half (12.5) hours on that day, several employees attempted to find him onsite, and reach him via phone unsuccessfully. Plaintiff was terminated on May 5, 2023, and signed the termination paperwork, attached as Exhibit A."

38.     Plaintiff contends this allegation is false and that he was present at the SE facility in Walls on April 30, 2023.

39.     On that day, Plaintiff was checking on Security and he sent sign in sheets for both the morning and the evening of that day.

40.     Moreover, Plaintiff contends that his phone records show that he had no incoming calls from Aerotek or SE personnel on that day.

41.     Plaintiff further contends this allegation of him playing poker while on the clock is false and misleading.

42.     Moreover, SE is inconsistent in its allegations.

43.     In her initial statement on August 16, 2023, Ms. Ficco alleges that Plaintiff was absent from work and at a poker tournament on May 4, 2023.

44.     In her second statement on September 19, 2023, Ms. Ficco alleges that

5

Plaintiff was absent from work and at the poker tournament on April 30, 2023.

45. The true series of events occurred as follows: on or about May 2, 2023, Plaintiff received a phone call from Mr. Griffin. During that call, Mr. Griffin questioned Plaintiff about his (Plaintiff's) participation in poker tournaments. Plaintiff described how he had participated in a few of the WSOP tournaments and that he did reasonably well. The phone call ended unremarkably. Then on May 5, 2023, Plaintiff was called to meet with Mr. Griffin. When Plaintiff arrived at the meeting, Mr. Griffin was accompanied by Superintendent Don Keplinger and Assistant Superintendent Brad Cadena. Mr. Griffin then stated, "Virgil, we don't tolerate stealing and falsifying time. You put down 12.5 hours last Sunday [April 30, 2023], and you were out playing in a poker tournament. At this time, you're terminated." Plaintiff responded that he worked on April 30, 2023, and he did not attend a poker tournament that day. Mr. Griffin then stated, "It doesn't matter. Just say what you want to say. You are terminated."

46. Plaintiff was then presented with a document entitled "Change in Employment Relationship Notice".

47. There are two lines at the bottom of this form where the employee's signature is requested.

48. Above the first line, in bold font, it states, "Employee states that he/she has no work-related injuries as of this date".

49. Plaintiff placed his signature under that statement, endorsing that he had no work-related injury, and dated it May 5, 2023.

50. Plaintiff did not sign on the other line.

51. Plaintiff denies that his signature was in any way meant to endorse his agreement with the false allegation that he falsified any time documents.

6

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII - RACE DISCRIMINATION

52.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 51 above as if fully incorporated herein.

53.     Defendant has discriminated against Plaintiff because of his race based on the facts identified above which constitutes a violation of Title VII.

54.     Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

55.     The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II:  VIOLATION OF 42 U.S.C. § 1981 - RACE DISCRIMINATION

56.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 55 above as if fully incorporated herein.

57.     The Defendant has discriminated against Plaintiff because of his race based on the facts identified above and is a violation of 42 U.S.C. § 1981.

58.     Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

59.     The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT III: VIOLATION OF THE ADEA – AGE DISCRIMINATION

60.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 59 above as if fully incorporated herein.

61.     Defendant has discriminated against Plaintiff because of his age based on

the facts identified above which constitutes a violation of the ADEA.

62.     Plaintiff has suffered lost wages and benefits as a result of Defendant's discriminatory acts.

63.     The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1.      Back wages;
2.      Reinstatement or future pay in lieu of reinstatement;
3.      Compensatory damages;
4.      Punitive damages;
5.      Liquidated damages;
6.      Attorney's fees;
7.      Lost benefits;
8.      Pre-judgement and post-judgment interest;
9.      Costs and expenses; and
10.     Such further relief as is deemed just and proper.

THIS the 4th day of October 2024.

Respectfully submitted,

VIRGIL PARKER, JR., PLAINTIFF

By: /s Louis H. Watson, Jr.      
LOUIS H. WATSON, JR.  (MB# 9053)
NICK NORRIS (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010

8

louis@watsonnorris.com
nick@watsonnorris.com